## CLAY *v.* ERHARDT.

*(Circuit Court, S. D. New York. November 19, 1891.)*

1. **CUSTOMS DUTIES—CONSTRUCTION OF STATUTES.**
    Construction of a statute should not be resorted to when the statute bears its meaning plainly on its face, but should be reserved for a statute expressed in doubtful language.

2. **SAME—DANDELION ROOT.**
    Dandelion root, imported while the tariff act of March 3, 1883, (22 U. S. St. 488,) was in force, which was not edible, and was in a crude state, and not advanced in value or condition by refining or grinding, or by other process of manufacture, and which was not used or intended to be used as coffee or as a substitute therefor, but was used for medicine, and in medicinal preparation, was not dutiable under the provision for "acorns and dandelion root, raw or prepared, and all other articles used or intended to be used as coffee or as substitutes therefor," contained in paragraph 290 of the aforesaid tariff act, but was free of duty, under the provision for "drugs, * * * roots, * * * any of the foregoing of which are not edible, and are in a crude state, and not advanced in value or condition by refining or grinding, or by other process of manufacture," contained in paragraph 636 of the same act.

At Law. Action against the collector of customs at New York to recover duties paid. Verdict directed for plaintiff.

During the years 1889 and 1890 the plaintiff imported from Germany into the port of New York certain dandelion root. This dandelion root was classified for duty as "dandelion root, raw, used as a substitute for coffee," under the provision for "acorns, and dandelion root, raw or prepared, and all other articles used or intended to be used as coffee, or as substitutes therefor, not specially enumerated or provided for in this act," contained in Schedule G of the tariff act of March 3, 1883, (22 U. S. St. 488; Tariff Ind., New, par. 290,) and duty was exacted thereon at the rate of two cents per pound by the defendant as collector of customs at that port. Against this classification and this exaction the plaintiff duly protested, claiming that this dandelion root was free of duty as a root not edible, and in a crude state, etc., under the provision for "drugs, * * * roots, * * * any of the foregoing of which are not edible, and are in a crude state, and not advanced in value or condition by refining or grinding, or by other process of manufacture, and not specially enumerated or provided for in this act," contained in the free list of section 2503 of the same act. Tariff Ind. (New,) par. 636. The plaintiff also duly made appeals to the secretary of the treasury, and, within 90 days after adverse decisions were rendered thereon by him, he brought this suit to recover all the duties exacted on this dandelion root. Upon the trial it appeared that the article in suit was the root of the dandelion plant; that it was then known in trade and commerce of this country, as was, at and prior to the passage of the tariff act of March 3, 1883, all root of the same plant, as "dandelion root;" that it was not edible, and was in a crude state, and not advanced in value or condition by refining or grinding, or by other process of manufacture; that it was not used or intended to be used as coffee, or as a substitute therefor, but was used for medicine, or in medicinal preparations; that root of the same kind was never used for coffee, or as a substitute therefor, but was

always used for the same purposes as the root in suit was used for; that at and prior to the passage of the aforesaid tariff act there was imported a root of a certain other and different plant, that was of an entirely different nature, and was then generally known in trade and commerce of this country as "chickory root," but was sometimes called "dandelion root" or "American dandelion root;" that this root was then used, and has ever since been used, as an adulterant of coffee; and that the two above-mentioned roots were the only articles ever known in trade and commerce of this country as "dandelion root." Both sides having rested, the defendant's counsel moved the court for a direction of a verdict in favor of the defendant, and the plaintiff's counsel moved for a direction of a verdict in favor of the plaintiff.

*Comstock & Brown*, for plaintiff.

*Edward Mitchell*, U. S. Atty., and *Thomas Greenwood*, Asst. U. S. Atty.; for defendant.

LACOMBE, Circuit Judge, (*orally.*) Of course it is perfectly possible to make almost anything out of a tariff act, by construction, without violating recognized rules for the interpretation of statutes, but construction should be reserved for doubtful language. When we have a provision in a tariff act which seems to be unambiguous, I think it unsafe and unwise to seek in it for something different from the meaning it plainly bears on its face. The particular importation in suit was not used or intended to be used as coffee, or as a substitute therefor; and, according to the witnesses, both for plaintiff and defendant, articles of the same kind were never so used. But there was, at and prior to the passage of the tariff act of March 3, 1883, and there is now, imported into this country a certain other article, as the testimony of these witnesses shows, which was used as an adulterant of coffee, and which, though generally known as "chickory root," was then, and is now, referred to in trade and commerce as "dandelion root." Of this fact congress, conversant as it is with trade and commercial usage, was perfectly well aware. In its experience of the past it had seen more or less successful attempts made by importers (by evidence of commercial designation) to take other articles similarly circumstanced out of the provisions intended for them, and thereby subject them to no duty, or to a less rate of duty than that specified in such provisions. To guard against any possibility that chicory root should not pay the rate of duty that ought, in its opinion, to be imposed on articles used or intended to be used as coffee, or as substitutes therefor, it enacted the express provision for "chicory root," contained in paragraph 288 of the aforesaid act, and then enacted a further provision for "dandelion root used or intended to be used as coffee, or as substitutes therefor," contained in paragraph 290 thereof, and in each of these paragraphs imposed thereon a duty of two cents per pound. The importation in suit appears to be plainly not covered by paragraph 290 of the tariff act of March 3, 1883, but is within the provision of paragraph 636 thereof, as claimed by the plaintiff in his protests. I therefore deny the motion of the defendant for a direction of a verdict in his favor, and direct the jury to find a verdict for the plaintiff.